MILLS, PLAINTIFF, *v.* WILLIAMS ET, DEFENDANTS.

Common Pleas Court, Madison County.

No. 21640. Decided November 19, 1962.

126

*Messrs. Solsberry & Ketcham, Mr. Lee C. Mittman,* of counsel, for plaintiff.
*Messrs. Culp & Rapp,* for defendants.

BAYNES, J.   Plaintiff sues Richard Williams and Robert Williams for damages alleging that they were driving a certain motor vehicle.   The answer of Richard is a general denial, as is that of Robert.   To his answer Robert attached certain interrogatories.   To the reply to the answer of Richard, plaintiff attached certain interrogatories.

Plaintiff demurred to each of the interrogatories.   Since the demurrer is inconsistent with allegations of plaintiff's petition, that demurrer is not well taken and is overruled.   Defendant Richard demurs to Interrogatory 4, which is well taken and ought to be sustained, and to Interrogatory 7, which is not well taken and ought to be overruled.

A motion for summary judgment on behalf of defendant

Robert Williams was filed supported by an affidavit which avers he was not present in or around the automobile at the time of the collision and that he was at his home two miles distant. That the vehicle was not being directly or indirectly operated by Richard Williams for any purpose of movant but for the driver's, Richard's, own sole purpose only.

Plaintiff's counter affidavit avers that the vehicle owned by movant struck plaintiff's vehicle and that she "cannot state from her own personal knowledge who was operating the automobile of movant at the time of the collision." It then goes on to say that she can neither confirm or deny the averments contained in movant's affidavit.

We can agree with plaintiff's statement in her memorandum that if movant actually or constructively operated the vehicle he would be liable. The memorandum also suggests negligent entrustment would create a liability. But the petition does not directly include any such allegations.

"In general, an owner of a motor vehicle is not liable for its negligent operation by another to whom it is entrusted to be used or when it is in fact used for the other's purpose." 6 Ohio Jurisprudence (2d), 494, Sec. 257. See also @ 518, Sec. 271.

Plaintiff's memorandum also argues that a court should not pass on the credibility of opposing affidavits and says that the burden is on movant to establish the lack of a triable issue of fact.

We do not perceive that these affidavits pose a question of credibility where the one avers such facts that if plaintiff were to testify on trial that she did not know who was driving the vehicle, without admissions by either defendant, the Court would have no choice but to dismiss the petition as there would be a failure of proof as to whose, if anyone's, negligence caused plaintiff damage. Moreover, plaintiff has the burden of showing who was in fact operating the vehicle and if she cannot aver such facts as would give rise to an inference that movant was operating the vehicle it is plain that she has no evidence to introduce on trial to support her allegation.

We can agree with plaintiff's contention that in a motion for summary judgment all doubts must be resolved against movant and if there is the slightest doubt a motion for summary judgment does not lie; Section 2311.041 (B), Revised Code. However, plaintiff sought no interrogatories to be answered by movant. Nor did plaintiff seek to have his deposition taken earlier this year as was taken of the other defendant. The admission of the other defendant both in answers to interrogatories and in the deposition leave no doubt that it was he alone who was in the vehicle, that it was being driven for purposes of his own exclusively. These we are entitled to consider on the motion; Section 2311.041(B), Revised Code.

Subsection (E) of the statute provides:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot *for sufficient reasons stated* present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or discovery to be had or make such other order as is just." (Emphasis ours.)

Plaintiff argues that she lacks personal knowledge, but she fails to aver reasons as to why she cannot obtain facts essential to justify opposition. As we pointed out above, she has not tried to. The only inference is that she has not previously nor will she ever in the future be able to prove her allegation that movant and his co-defendant were driving the vehicle that struck plaintiff.

We therefore find the issue as to movant is feigned and as to him the litigation is vexatious. The movant's motion is well taken and ought to be sustained.

Entry is accordingly filed.